■ In the Matter of the Claim of DOLORES NAPLES, Respondent, v. VIANDVENDE CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal from a decision awarding death benefits; appellants contending that the evidence upon which decedent's fatal automobile accident was found to have been employment-connected is incredible as a matter of law. The board was, however, entirely warranted in accepting the proof adduced by claimant, which was fully sufficient to sustain the claim and which stood without factual contradiction; and the record discloses no basis for interference with the board's undoubted right to determine its credibility. Decedent was the president and active manager of the "entire operation" of the employer corporation, which was engaged in the business of supplying meat products to restaurants. He was both an inside worker and an outside worker, in the latter capacity seeking customers, soliciting and delivering orders in New York and New Jersey and using for these and other business purposes a car, for the expense of which he was reimbursed by the employer. There was no limitation upon his hours and in dealing with restaurants he was accustomed to traveling at late hours. Decedent was also an officer of, and had a minority stock interest in a restaurant corporation and the uncontradicted evidence is that on the night of his death he had an appointment to meet at 11:30 P.M. the officer thereof who managed the restaurant to arrange for payment or part payment of a bill overdue to the employer corporation; that the manager did not keep the appointment; and that after a second call at the restaurant decedent started for his home and while on the direct route there sustained fatal injuries when his car struck a highway construction barricade. Attacking the credibility of the proof, appellants question the purpose of the trip by asserting that decedent could himself have paid the bill by merely writing a check; but this assumes that the restaurant corporation had funds to meet such a check and overlooks the proof that company checks had to be signed or countersigned by the officer with whom decedent had an appointment. The other inferences which appellants suggest as rendering claimant's proof " incredible " have even less support in the evidence if, indeed,

they can be regarded as more than argumentative assumptions and conjectures. Decision affirmed, with one bill of costs to respondents filing briefs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in a memorandum decision by Gibson, P. J.